CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKP
JAN 0 6 2011
JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID RAY BARBOUR, <br> Plaintiff, | Civil Action No. 7:10-cv-00579 |
| v. | MEMORANDUM OPINION |
| LT. CANTERBURG, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

David Ray Barbour, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Lieutenants Canterburg and Morani, both of the Augusta Correctional Center ("ACC"). Plaintiff alleges that the defendants' order transferring him to "the other side in the ACC" subjects him to a threat of harm. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff states the following facts in his complaint. Plaintiff had a problem with another inmate at the ACC, who threatened to kill plaintiff. The defendants subsequently transferred plaintiff from one side of the ACC to the other side where the other inmate is also housed. Plaintiff complained to the defendants, who responded that they did not care. Plaintiff preferred to stay in his old assignment with his old cellmate. Plaintiff fears for his life while being housed in the ACC on the same side as the other inmate. Plaintiff does not request any specific relief.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or

1

claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.

2

1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a claim under § 1983 for failure to protect from violence, an inmate must show: (1) "serious or significant physical or emotional injury," De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison officials had a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834 (internal quotation marks omitted). However, plaintiff fails to allege that he suffered any injury. Accordingly, plaintiff fails to state a claim upon which relief may be granted, and I dismiss his complaint without prejudice.

III.

For the foregoing reasons, I dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), and deny all pending motions as moot.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This 6th day of January, 2011.

/s/ Jackson L. Kiser
Senior United States District Judge